# PRETRIAL AND TRIAL INSTRUCTIONS TO COUNSEL

## I. Pretrial Instructions to Counsel

### A. Voir Dire Questions and Jury Instructions

You will be directed to file joint proposed voir dire questions, joint proposed jury, and joint proposed special verdict forms. You should file separately any voir dire questions, jury instructions, and special verdict form questions upon which you cannot agree. Copies of all your joint proposed voir dire questions, jury instructions, and special verdict forms should be submitted to Chambers in hard copy and via email in Microsoft Word format to MDD_GJHchambers@mdd.uscourts.gov.

Your joint proposed voir dire should include a brief proposed statement to be read to the venire panel explaining the nature of the case in general terms.

Your joint proposed jury instructions should (a) be typed one instruction per page, (b) be numbered and assembled in the order in which you request they be read to the jury, and (c) include citation of the authorities supporting the instruction with the specific portion of the instruction covered by each individual authority clearly marked.

### B. Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

### C. Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(B) separately from those designated pursuant to Rule 26(a)(2)(C).

### D. Exhibits

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(h). Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7(a). Do not separately identify exhibits as "Plaintiff's" or "Defendant's." The parties should agree on a marking system that leads to each exhibit having a unique number. You must

meet with opposing counsel prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).

### E. Use of Courtroom Equipment

Please be prepared to advise me at the pretrial conference if you would like to use any courtroom equipment during trial. The Court has available for your use electronic evidence presentation systems. Information about the systems and training opportunities can be found on the Court's website.

### F. Settlement

Unless the Court is notified of any settlement at least one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases, 25-28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

## II. Trial Instructions to Counsel

You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

### A. Efficient Use of Courtroom Time

Please always be on time. If you anticipate an evidentiary objection that will require a bench conference, please contact Chambers in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch. When the jury is present, virtually every minute should be spent taking testimony.

### B. Exhibits

1. You must pre-mark exhibits.

2. You should not formally move exhibits into evidence. Under Local Rule 107.5(b) they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

3. You may circulate exhibits to the jury without asking permission of the Court, provided you then continue with questioning.

4. If you plan to use exhibit books, you should first confer with opposing counsel about their contents and bring to the attention of the Court any matters in dispute. Please

provide copies for one lawyer per party, for the witness, for the judge, and (at your option) for each juror.

### C. Witnesses

1. Treat witnesses with courtesy and respect, and address them by their surnames (except persons under the age of 18).

2. Do not appear to address yourself to jurors when questioning a witness.

### D. Prohibited Questions and Remarks

1. Do not ask a witness whether it "would surprise you to know" that a certain event occurred.

2. Do not ask, "If I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying" or "not telling the truth"?)

3. Do not remind a witness that he is under oath or ask whether she expects the jury to believe her testimony.

### E. Movement in the Courtroom

1. Please stand when examining witnesses or addressing the Court, including when making objections.

2. You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the courtroom, but you many not ask questions while pacing around the courtroom. Do not select a location that will obstruct the view of the witnesses of any of the jurors, counsel, or parties.

3. You may approach a witness to hand over an exhibit without prior approval of the Court, but you should return to your fixed location before asking questions about the exhibit. You may not approach the witness for any other reason.

4. When addressing jurors, please stand a respectful distance away from them.

### F. Objections

You should not make speaking objections or, unless invited to do so by the Court, argue rulings in front of the jury.

### G. Opening Statements and Closing Arguments

1. Unless otherwise ordered by the Court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

2. Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument without prior approval of the Court.  Please show any demonstrative aid you intend to display during your opening statement or closing argument to opposing counsel before providing it to the Court.

3. During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant, or guilt or innocence of an accused.

### H. Exclusion of Witnesses Rule and Talking to Witnesses on the Stand

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule.  Local Rule 107.14 describes when counsel may talk to a witness who is currently on the stand.

### I. Cell Phones and Other Mobile Electronic Devices

Please turn off (and instruct your client and witnesses to turn off) all audible cell phones and other mobile electronic devices before entering the courtroom.

### J. Food and Drink

Please do not bring any food or drink (other than water) into the courtroom.  If you want to use bottled water, you should pour it into the pitchers provided by the Court.

### K. Use of Courtroom Telephone Prohibited

Please do not use the courtroom telephone unless authorized by the Court.