**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
Greenbelt Division

| | |
|---|---|
| CAVA GROUP, INC. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case 8:14-cv-00355-GJH |
| | ) |
| MEZEH-ANNAPOLIS, LLC, et al | ) |

**PROPOSED JOINT PRETRIAL ORDER**

Plaintiff, Cava Group, Inc. ("Cava") and Defendants, MEZEH-ANNAPOLIS, LLC; MEZEH-WHEATON, LLC; SALEH MOHAMADI; STEVE WALKER; ("Mezeh"), by their respective undersigned counsel, pursuant to Local Rule 106, submit this proposed Joint Pretrial Order in the captioned matter, and state as follows:

**A.  Plaintiffs Brief Statement of Facts**

Plaintiff, Cava Group, Inc, trading as Cava Mezze Grill, ("Cava Mezze Grill"), opened its first fast, casual restaurant in Bethesda, Maryland in 2011. Cava Mezze Grill's fast, casual restaurants were inspired by the flagship restaurant, CAVA MEZZE that was founded in 2006 in Rockville, Maryland by childhood friends Dimitri Moshovitis, Ike Grigoropoulos, and Ted Xenohristos.  When Plaintiff opened other locations, it also used its service mark, "Cava Mezze Grill," to identify its restaurants and incorporated elements of the Rockville restaurants into its store design.  This restaurant design has come to be recognized by customers as Plaintiff's trade dress. Cava Mezze Grill currently operates twelve restaurants with locations in Maryland, Virginia, the District of Columbia and California.  Cava Mezze Grill's logo and signage include: (a) a dark hardwood façade/background with the stylized logo CAVA MEZZE GRILL; (b) orange, black and white color signage; (c) two color sign made up of white letters with an accentuated orange "V"; and (d) orange and white color scheme.

Cava Mezze Grill is the owner of United States Registration No. 4,059,522 for the stylized service mark, CAVA MEZZE GRILL, for restaurant featuring take-out Mediterranean cuisine in Class 43. The colors Black, White, Orange are claimed as a feature of the mark.  The mark consists of the word "CAVA" in standard, block capital letters colored white except for the letter "V" which is in orange.  The mark further consists standard block lettering with the phrase "Mezze Grill" positioned under the word "CAVA" and written in smaller font, wherein the phrase is colored white.  All of the foregoing is centered on a black background.  A true and correct copy of United States Registration No. 4,059,522.

In addition, Cava Mezze Grill is the owner of United States Registration No. 4,059,523 for the service mark, Cava Mezze Grill, for restaurant featuring take-out Mediterranean cuisine in Class 43. The United States Patent and Trademark Office did not require proof of secondary meaning in order to register these marks.

Cava Mezze Grill's fast, casual restaurants sell Mediterranean inspired food in an assembly line concept so customers can customize their food to fit their taste.  The customer first chooses a base (pita, salad bowl, rice bowl, or mini pitas), then the customer chooses up to three different spices.  Cava Mezze Grill serves its proteins from cast iron pots. Next, the customer chooses a protein (lamb sliders, chicken, braised beef, gyro meat, falafel or grilled meatballs) then can add some fresh toppings, such as vegetables, and finally, sauces.  Plaintiff's dishes are made to order using fresh ingredients to achieve a high-quality and delicious product.

Cava Mezze Grill also offered a takeout menu that has been used from the first location opening in 2011.  That takeout menu featured a dark background with the orange and white CAVA MEZZE GRILL logo at the top of both sides.  The menu is printed with orange and white lettering.

Plaintiff also sells its dips and spreads in over 208 grocery stores on the East coast.  The label features the same colors on the storefront, namely Black, White, Orange.  The label consists of the word "CAVA" in standard, block capital letters colored white except for the letter "V" which is in orange,.  The label further consists standard block lettering with the phrase "Mezze" positioned under the word "CAVA" and written in smaller font, wherein the phrase is colored white.  All of the foregoing is centered on a black background.

As a result of Cava Mezze Grill's advertising and promotional efforts and its commercial success, actual and potential customers of Cava Mezze Grill have come to associate Cava Mezze Grill exclusively with products and services offered by Plaintiff.

In spring of 2013, the Defendants who had never owned or operated a Mediterranean restaurant or any fast casual restaurant, visited Cava locations. They saw CAVA MEZZE GRILL's success and decided to start a restaurant business and indeed to open a restaurant that is in all significant respects identical to CAVA MEZZE GRILL. They hired several CAVA MEZZE GRILL managers, they hired a designer and told the designer that they wanted a design that was similar to the CAVA MEZZE GRILL design, they copied word-for-word CAVA MEZZE GRILL's line on all of its take-out bags "It's what's inside that counts," they copied the unusual colors of the CAVA MEZZE GRILL logo, the dark wood, the open kitchen, the five stages of the menu. CAVA MEZZE GRILL took appropriate steps to protect its trademarks, yet MEZEH MEDITERRANEAN GRILL openly copied CAVA MEZZE GRILL with restaurants serving identical food, color scheme and very similar name appearing to customers that the two are affiliated.

Plaintiff alleges that Defendants have infringed on its trademark both under the Lanham act and common law and that Defendants have engaged in unfair competition under the Lanham

Act and state law.

## B. <u>Defendant's Brief Statement of Facts</u>

The parties to this case both operate fast casual restaurants that serve Mediterranean style food in the greater Washington, DC, Metropolitan area. Plaintiff opened its first such restaurant in Bethesda, Maryland in 2011. Both brands of restaurant serve such food at a counter, with customers selecting the food they want from a variety of offerings, similar to the manner popularized by Chipotle Mexican Grill. Defendants Mohamadi, Walker, and Mezeh-Annapolis, LLC, opened their first such restaurant in Annapolis, Maryland in 2013, and subsequently Defendants Mohamadi, Walker, and Mezeh-Wheaton, LLC opened another location in Wheaton, Maryland. At the time of the filing of the Complaint, Plaintiff operated a total of five (5) restaurants and Defendants collectively operated a total of two (2).

Since the filing of the Complaint, Plaintiff has, at least in part owing to tens of millions of dollars of outside investment, engaged in a rapid expansion. Currently, on information and belief, the Plaintiff operates more than twenty (20) locations with many more in planning. The Plaintiff has also expanded geographically into the New York City and Los Angeles markets. During that same time, four (4) new Mezeh locations have opened in Crystal City, Virginia; Gaithersburg, Maryland; Charlottesville, Virginia; and Richmond, Virginia. On information and belief, following these Mezeh restaurants opening in Charlottesville and Richmond, Plaintiff signed leases with the intention of opening in those markets as well.

In its Fifth Amended Complaint (the "Complaint"), Plaintiff Cava Mezze Grill, LLC, ("Cava") states that it is the owner of two service marks, one for the words "CAVA MEZZE GRILL," and one for "CAVA MEZZE GRILL," which also contains the following features: the colors black, yellow, and white; the word CAVA is capital letters colored white, except for the letter "V" which is yellow. Plaintiff has since the filing of its Complaint amended its trademark filing stating the claim of the color yellow was a "clerical error" and replacing it with the color orange to match its claims in this action. On November 21, 2016, it filed another amendment, requesting that the words "MEZZE GRILL" be deleted from its trademark. Plaintiff requested that their trademark be amended to be simply "CAVA." The amendment also abandoned any claim to a black background as part of the mark.

Throughout its history Plaintiff has consistently marketed itself under the name "Cava Grill." While its logo featured the words "mezze grill" in smaller lettering below the primary name "CAVA," which was in capital letters, its website, social media handles, and publicity materials all referred to the restaurant as Cava Grill. The Plaintiff's representatives also consistently refer to it as "Cava Grill" in interviews. On information and belief, moreover, its most recent stores, including those in Silver Spring, Maryland; Vienna, Virginia; and Los Angeles, California, do not use the words "mezze grill" in the storefront logo and rather simply use the word "CAVA." This is consistent with its trademark amendment filing which states that the removal of these words "match[es] the way the mark is currently being used."

Defendant markets itself as "Mezeh Mediterranean Grill," "Mezeh Grill" or simply "Mezeh." The word "mezeh" is a fanciful alternate spelling of the word "meze" or "mezze" which, in the native language of Defendant Mr. Mohamadi, means "taste." The trade name "Mezeh" has been registered with the U.S. Patent and Trademark office at U.S. Registration No. 4,778,835. Defendants not use the word "Cava" or any similar word in any manner, either in their name, logo, marketing, or otherwise.

Defendant's restaurants in Annapolis and Wheaton feature the word "mezeh" written in lower case lettering, with a stylized "smile" in a dark shade of orange below the name, with the two "e's" in mezeh forming the eyes of a stylized face. The other letters are white. This lettering and stylized features are on a dark background. The dark orange was used in the lettering to incorporate the orange used in the design of Defendants' kitchen tile. The Mezeh restaurant in Crystal City, Virginia, has this same stylized logo on the façade of the store, but not against a dark background. The Mezeh restaurants in Gaithersburg, Charlottesville, and Richmond all simply have the word "mezeh" in all orange lettering, with no white or accentuated lettering at all and no dark background.

Defendants have established a strong distinct brand with their Mezeh restaurants. Since Defendants have opened their restaurants it is aware of no instances of actual confusion between its and the Plaintiff's restaurants, either stemming from a purported similarity in logos or otherwise.

In light of the foregoing, Defendants will present the following defenses:

a. There is no similarity between Defendants' logo and Plaintiff's trademark.

b. Any passing similarity between Defendants' logo and Plaintiff's trademark is coincidental and not the result of any intentional copying by Defendants.

c. There is no evidence of actual or likely confusion among consumers as to the source of Defendant's goods and services.

### C. Statements as to any Counterclaims, Crossclaims or Third-Party Claim.

Not applicable.

### D. Any Amendments Required of the Pleadings

**Plaintiff**: None

**Defendants: No Amendments to Defendants' pleadings are required.**

**E. Any Issue in the Pleadings that is to be Abandoned**

    **Plaintiff**: none

    Defendants: No issues in Defendants' pleadings are to be abandoned. As to Plaintiff's Fifth Amended Complaint, however, it is noted that the Court has granted summary judgment as to Plaintiff's trade dress infringement claims, thus issues related to trade dress infringement are moot except as they may support Plaintiff's remaining trademark infringement claims.

**F. Stipulations of Fact**

    **Plaintiff**: No stipulations of fact have been reached to date by the parties.

    **Defendants:** None.

**G. Details of the Damages Claimed**

    **Plaintiff**: Plaintiff seeks money damages including a disgorgement of Defendants profits, enhanced damages costs and attorney's fees. In addition a permanent injunction barring defendants from using the color orange and a logo confusingly similar to plaintiff's in its logo, social media and advertising and a disgorgement of Defendants' profits.

    **Defendants**: Should Defendants prevail, they will request an award of attorneys' fees under the Lanham Act.

**H. Listing of Documents/Exhibits**

    **Plaintiff**: Plaintiff adopts and incorporates by reference the schedule of documents attached hereto as Plaintiff's **Exhibit 1**.

    Defendant: The defendant's Exhibit List is provided as Attachment 1 to this Pre-Trial Order.

**I. Witnesses**

    **Plaintiff**:

Brett Schulman (Will Call)
1614 14th St. NW Second Floor
Washington DC  20009

Ted Xenohristos (Will Call)

1614 14th St. NW Second Floor
Washington DC  20009

Lambros Grigoropoulos (Will Call)
1614 14th St. NW Second Floor
Washington DC  20009

Dimitri Moshovitis (Will Call)
1614 14th St. NW Second Floor
Washington DC  20009
Soung Wiser (Will Call)
The General Design Company
1624 Q Street, NW
Washington, DC 20009

STEVE WALKER (Expect to call)
7804 Devereux Manor Court
Fairfax Station, VA 22039

SALEH MOHAMADI (Expect to Call)
7804 Devereux Manor Court
Fairfax Station, VA 22039

Yudi Arevalo (Expect to Call)

Eudy Rodriguez (Expect to Call)

Julius Talvik (If needed)
1201 Connecticut Ave. NW #850
Washington DC 20036


**Defendant**:

Steven Walker (Will call)
10030 Baltimore National Pike
Myersville, MD 21773

Saleh Mohamadi (Will Call)
7804 Devereux Manor Court
Fairfax Station, VA 22039

Soung Wiser (May Call)
The General Design Company

    406 H Street, NE
    Washington, DC 20002

    Jose Toha  (May Call)
    Grupo7 Architecture + Interiors
    1322 14th Street NW
    Third Floor
    Washington, DC 20005

    Jim Cronenberg (May Call)
    Grupo7 Architecture + Interiors
    1322 14th Street NW
    Third Floor
    Washington, DC 20005

    Julius Talvik (May Call)
    1201 Connecticut Ave. NW #850
    Washington DC 20036

    Brett Schulman (May Call)
    1614 14th St. NW Second Floor
    Washington DC  20009


**J. Experts**:

    **Plaintiff**:    Hal L. Poret (Will Call)
                    President, Hal Poret LLC
                    hal.inc42@gmail.com; 914-772-5087

    **Defendant**:    None.

**K. Deposition Pages and Lines**

    **Plaintiff**:  None anticipated at this time

    **Defendant**:  None anticipated at this time.


**L. Other Pretrial Relief**

**Plaintiff**: None at this time

**Defendant**: Defendants have filed a Motion for Reconsideration and for Summary Judgment in light of new evidence uncovered in this matter.

In light of additional Defendants added to this action as a result of Plaintiff's Fifth Amended Complaint, other pretrial relief may be sought though such is as yet undetermined.

Respectfully submitted,

\s\ William D. Day
WILLIAM D. DAY, #16710
Gill Sippel & Gallagher
98 Church Street
Rockville, MD 20850
(301) 251-9200

Attorney for Plaintiff

/s/ Sean T. Morris
Sean T. Morris
The Morris Law Firm, LLC
4845 Rugby Avenue, Suite 302
Bethesda, Maryland 20814
(301) 654.6570

Attorney for Defendants