IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CAVA GROUP, INC.

    Plaintiff,

v.                                         Case No.: GJH-14-0355

MEZEH-ANNAPOLIS, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Cava Group, Inc. ("Plaintiff" or "Cava") brought this action against Defendants Mezeh-Annapolis, LLC; Mezeh-Wheaton, LLC; Mezeh-Charlottesville, LLC; Mezeh-Crystal City, LLC; Mezeh-Downtown Crown, LLC; Mezeh-Fair Oaks, LLC; Mezeh-Short Pump, LLC; Mezeh Inc.; Saleh Mohamadi, and Steve Walker ("Mezeh" or "Defendants") for alleged statutory and common law trademark and trade dress infringement. *See* ECF No. 48 at 5–7.[1] The Court partially denied Defendants' Motion for Summary Judgment, ECF No. 46, and the trademark infringement claims proceeded. *See* ECF No. 55. Following a jury trial held from January 17–19, 2017, the jury returned a unanimous verdict for Defendants. *See* ECF Nos. 89–97. Now pending before the Court is Defendants' Motion for Attorneys' Fees, ECF No. 101. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion for Attorneys' Fees will be denied.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

I.   ANALYSIS

The Lanham Act, the federal statute governing trademark infringement, provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Fourth Circuit clarified in *Georgia-Pacific Consumer Prod. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), that a district court may find a case brought under the Lanham Act to be "exceptional" when the court determines, "in light of the totality of the circumstances," that:

> (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable, (2) the non-prevailing party has litigated the case in an unreasonable manner, or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Georgia-Pacific*, 781 F.3d at 721 (internal citations and quotation marks omitted). Here, Mezeh is the prevailing party, but this case is not exceptional and does not warrant an award of attorneys' fees.

While Cava ultimately lost at trial, its position cannot be deemed "frivolous or objectively unreasonable." "Objectively unreasonable claims are judged 'based on an objective assessment of the merits of the challenged claims and defenses.'" *Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10CV157, 2016 WL 5477611, at *2 (M.D.N.C. Sept. 29, 2016) (quoting *Exclaim Mktg., LLC v. DirecTV, LLC*, No. 5:11-CV-684-FL, 2015 WL 5725703, at *7 (E.D.N.C. Sept. 30, 2015)). Such a finding "requires that the claim be 'so unreasonable that no reasonable litigant could believe it would succeed.'" *Id.* (quoting *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544 (Fed. Cir. 2011)).

Considering that the Court denied — nearly in full — Defendants' Motion for Summary Judgment, and that the case was in fact submitted to a jury, Plaintiff's position cannot be

2

considered frivolous or objectively unreasonable. *See Exclaim Mktg.*, 2015 WL 5725703, at *7 (declining to award attorneys' fees and noting that "[a]s evidenced by the fact that this case went to trial, neither the law nor the evidence was so clear as to warrant only one conclusion."). Defendants contend that Plaintiff "presented nothing" in terms of "actual confusion" relating to Defendants' use of the disputed mark. ECF No. 102 at 16. However, "actual confusion" is merely one of several factors considered in determining the "likelihood of confusion between two trademarks." *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984). There is "no requirement that plaintiff show actual confusion" to prove infringement. *A.C. Legg Packing Co. v. Olde Plantation Spice Co.*, 61 F. Supp. 2d 426, 432 (D. Md. 1999). Moreover, as this Court previously noted, "[a]ctual confusion can be demonstrated by both anecdotal and survey evidence." *Cava Grp., Inc. v. Mezeh-Annapolis, LLC*, No. GJH-14-355, 2016 WL 3632689, at *10 (D. Md. July 7, 2016) (citing *Tools USA and Equip. Co. v. Champ Frame Straightening Equip., Inc.*, 87 F.3d 654, 661 (4th Cir. 1996)).

Here, Plaintiff did point to anecdotal evidence that acquaintances and individuals online had previously confused Cava and Mezeh. *See, e.g.*, ECF No. 46-2 at 97–101. At trial, Plaintiff offered an expert report prepared by Hal L. Poret, of ORC International, indicating that survey evidence had demonstrated a 12.3 percent net confusion level between Cava Mezze Grill and Mezeh Mediterranean Grill. *See* ECF No. 45-11. Although this evidence and testimony did not ultimately persuade the jurors, the Court cannot conclude that Plaintiff's position was frivolous or objectively unreasonable. Additionally, even though the pre-trial filings and testimony at trial suggested that Cava, as a business, was moving away from its use of the word "Mezze," it was also clear that Cava continued to maintain a valid and protectable trademark. Cava's Director of Brand and Marketing testified that she "was not thinking about" the Cava stores that still used

"Mezze Grill" as part of their branding when she communicated with the trademark attorney about discontinuing use of the Mezze mark. *See* ECF No. 80-12 at 1. It was within the province of the jury to determine which witnesses to credit and not to credit regarding the strength of Plaintiff's mark as actually used in the marketplace, but such determinations do not ultimately render Plaintiff's position objectively unreasonable for purposes of awarding attorneys' fees. *Cf. Estes v. Meridian One Corp.*, 6 F. App'x 142, 146 (4th Cir. 2001) (noting that "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

Second, an "unreasonable manner of litigation" does not require conduct by the non-prevailing party rising to the level of sanctionable, but instead may involve "some form of egregious conduct," such as "the filing of false declarations and attempts to re-litigate issues decided prior to trial." *Design Res., Inc.*, 2016 WL 5477611, at *6 (M.D.N.C. Sept. 29, 2016). The Court looks to how "the case as a whole was litigated, rather than [to] particular instances." *Id.* Here, there were no frivolous motions filed. There has been no evidence of dilatory tactics on the part of Plaintiff. While the case may have involved "three years of costly litigation" to the frustration of Defendants, ECF No. 102 at 16, "conduct triggering relief must go beyond an aggressive litigation strategy." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 1:13CV0740 (AJT/TCB), 2015 WL 7283108, at *6 (E.D. Va. Nov. 17, 2015). Indeed, it is "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at *6 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757 (2014)). Thus, this factor also weighs against finding this case to be "exceptional."

Finally, the Court finds no need for compensation or deterrence here. There is no evidence, beyond Defendants' insistence that "Plaintiff's goal . . . was to involve a smaller, less well-capitalized competitor in costly litigation," ECF No. 102 at 24, suggesting that Plaintiff engaged in anything but a good faith effort to protect its own trademark. *See Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc.*, 994 F. Supp. 350, 382 (W.D.N.C. 1997) (denying attorneys' fees under Lanham Act and noting that "[a] party should not be penalized for defending or prosecuting a lawsuit when the party has a good faith belief in its position."); *cf. Exclaim Mktg.*, 2015 WL 5725703, at *8 (discussing the "need for deterrence" prong in the context of the trademark *infringer* acting "with the intent to infringe the plaintiff's protected mark.").

## II. CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorneys' Fees is denied. A separate Order shall issue.

Date: June 7, 2017

GEORGE J. HAZEL
United States District Judge

5